490 APPELLATE COURTS OF ILLINOIS.

McConnell v. Chicago Railways Co. et al., 199 Ill. App. 490.

Bessie McConnell, Appellee, v. Chicago Railways Company and Herbert Hinchliffe, trading as H. Hinchliffe Teaming Company, Appellants.

Gen. No. 22,056. (Not to be reported in full.)

Appeal from the Circuit Court of Cook county; the Hon. HARRY C. MORAN, Judge, presiding. Heard in this court at the March term, 1916. Affirmed. Opinion filed May 29, 1916. Rehearing denied June 13, 1916.

## Statement of the Case.

Action by Bessie McConnell, plaintiff, against Chicago Railways Company and Herbert Hinchliffe, trading as H. Hinchliffe Teaming Company, defendants, for damages for personal injury. From a judgment for $9,000 for plaintiff, defendants appeal.

The defendant Railways Company operated a street railway in Madison street. A westbound street car on the north track of the railway stopped to discharge and receive passengers, with the front end of the car at or near the east line of Halsted street. Plaintiff started to cross Madison street from the southeast corner of Halsted and Madison streets, and when she reached the center of the eastbound track saw a westbound car of defendant coming to a stop. After the car had stopped she walked in front of the car and then east alongside of it to about the center of the car; she then saw a team coming towards her, which was then twenty-five or thirty feet east of the rear end of the car. The entrance to the car was at the rear end, and she walked to the rear vestibule and started to get on. She testified that she placed her right foot on the step, took hold of the iron stanchion at the outer end of the rail which divided the rear platform, stepped on the platform with her left foot, when the car started with a jerk and she was thrown backward into the

CHICAGO—FIRST DISTRICT—MAY, 1916.    491

McConnell v. Chicago Railways Co. et al., 199 Ill. App. 490.

street. Two teams of defendant Hinchliffe were going west north of the north rail of the track on which the car ran. The front team was driven by Sibley, who was not called as a witness, and the rear one was driven by Forrest Hinchliffe, a brother of defendant Hinchliffe. He testified that plaintiff was twenty or twenty-five feet in front of the hind wheels of Sibley's wagon when she fell, and that the wagon could not have run over her leg. Opposed to this testimony is the testimony of Silver and Taylor that they saw the hind wheel of the wagon run over plaintiff's leg, and the testimony of the surgeon that both bones of the right leg were broken and the left leg injured. One count of the declaration is as follows:

"Plaintiff further avers that while standing at said intersection as aforesaid, one of the defendant's Chicago Railways Company's cars stopped at said intersection, for the purpose of receiving and discharging passengers, and while so doing, the defendant Chicago Railways Company negligently and carelessly started said car, and the defendant Herbert T. Hinchliffe by his servants, then and there in charge of said horses and wagon, negligently and carelessly drove, operated and managed said horses and wagon, so as to cause same to collide with plaintiff.

"Plaintiff further avers that she was then and thereby severely, dangerously and permanently injured," etc.'

As amended the last paragraph commences as follows:

"Plaintiff further avers that she was then and thereby as a result of the negligence of said defendants and each of them as above alleged, severely, dangerously and permanently injured both internally and externally."

JOSEPH D. RYAN and FRANK L. KRIETE, for appellant Chicago Railways Company; W. W. GURLEY and J. R. GUILLIAMS, of counsel.

492    APPELLATE COURTS OF ILLINOIS.

McConnell v. Chicago Railways Co. et al., 199 Ill. App. 490.

HARRY W. MENELEY and SYLVESTER G. ABBOTT, for appellant Herbert Hinchliffe.

VINCENT G. GALLAGHER and ERNEST MESSNER, for appellee.

MR. JUSTICE BAKER delivered the opinion of the court.

## Abstract of the Decision.

1. CARRIERS, § 476*—*when evidence sufficient to sustain finding that passenger thrown from car under wagon by negligent starting of car.* In an action for personal injuries, evidence *held* to justify a finding that the plaintiff was thrown from one defendant's street cars in front of or alongside of its codefendant's wagon through the negligent starting of the car and that the plaintiff's leg was run over and broken by a wheel of the wagon.

2. CARRIERS, § 480*—*when negligence in starting car question for jury.* In an action for personal injuries, questions whether a defendant street car company was negligent in starting its car whereby the plaintiff was thrown to the street and run over by a wagon, *held* for the jury.

3. ROADS AND BRIDGES, § 240*—*when negligence of driver of wagon in running over passenger thrown from street car question for jury.* In an action for damages for personal injuries to a passenger who was thrown out of a street car upon its starting and was run over by a passing wagon, the question whether the driver of the wagon was guilty of negligence in running over plaintiff's leg *held* to be for the jury.

4. PLEADING, § 453*—*when defects are waived.* A party having submitted an issue to the jury cannot complain that it is not presented by the pleadings.

5. CARRIERS, § 452*—*when declaration sufficiently alleges causal connection between negligence of street railroad and accident.* In an action for personal injuries, declaration *held* to sufficiently allege causal connection between the negligence of the defendant street railroad· company and the accident.

6. PLEADING, § 466*—*when want of express averments cured by verdict.* If a declaration contains terms sufficiently general to include, by fair and reasonable intendment, any matter necessary to be proven and without proof of which the jury could not have

McConnell v. Chicago Railways Co. et al., 199 Ill. App. 490.

given the verdict, the want of an express averment of such matter is cured by the verdict.

7. CARRIERS, § 372*—*what is duty of conductor of street car towards boarding passenger.* A street car conductor must exercise the highest degree of care and caution to see that an intended passenger in the act of boarding his car is not put in danger by the starting of the car.

8. ROADS AND BRIDGES, § 231*—*what is duty of teamster approaching street car from rear to passengers.* Upon a teamster approaching from the rear a standing street car rests the duty to see if by driving between the car and the curb he is endangering those attempting to get on or off the car.

9. APPEAL AND ERROR, § 1533*—*when defective instruction not reversibly erroneous.* Where a reading of an instruction in its entirety leaves no doubt as to its meaning, the omission of words or the substitution of erroneous ones is not reversible error.

10. APPEAL AND ERROR, § 1565*—*when modification of instruction on credibility of witnesses not reversible error.* The substitution of the word "of" for "or" in a charge that the jury might consider the probability or improbability of the truth of the statements of witnesses, *held* not reversible error.

11. APPEAL AND ERROR, § 1533*—*when omission of word in instruction harmless error.* The omission of the word "if" from the charge, "The court instructs the jury that 'if' you find for the plaintiff you will then be required to determine the amount of her damages," *held* not reversible error.

12. DAMAGES, § 122*—*when verdict for injuries to both legs of woman not excessive.* Verdict for $9,000 awarded a woman thrown from a street car to the street and run over by a wagon, which broke both bones of one leg and injured the other leg, *held* not excessive.

13. CARRIERS, § 476*—*when evidence sufficient to show negligence of street car company in starting car and causal connection with injury.* In an action for personal injuries resulting from being thrown from a street car of one defendant and run over by other defendant's wagon, evidence *held* to justify a finding of negligence on the part of the street car company and existence of causal connection of the company with the injury.

14. ROADS AND BRIDGES, § 239*—*when evidence sufficient to show negligence of driver of wagon in running over street car passenger and causal connection with injury.* In an action for damages for personal injuries resulting from being thrown from a street car as it started, under a wagon approaching the car from the rear, evidence *held* sufficient to show negligence of the driver of the wagon and the existence of causal connection of the driver with the injury.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.